IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 37896-9-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CODY MICHAEL STICKLEY, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

STAAB, J. — Cody Stickley pleaded guilty and was sentenced to three counts of interference with officer's duties. The only issue he raises on appeal is a request for resentencing in light of *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021). We accept the State's concession and remand for resentencing.

The Walla Walla County Prosecutor's Office charged Cody Stickley with custodial assault, alleging he assaulted a corrections officer while in custody at the Washington State Penitentiary. Pursuant to a plea agreement, the State amended the charges and Stickley pleaded guilty to three counts of interference with officer's duties, an unranked felony. Stickley's offender score was listed as 9+. His criminal history included three prior convictions for simple possession of a controlled substance. While Stickley's standard range for the three offenses was 0 to 12 months, the parties stipulated to the imposition of an exceptional sentence of 12 months on each count to run

No. 37896-9-III
*State v. Stickley*

consecutively following completion of the sentence Stickley was already serving. The court followed the recommendation and imposed the 36-month exceptional sentence.

On November 25, 2020, Stickley timely filed his notice of appeal. On February 25, 2021, the Washington Supreme Court decided *Blake*, which held that RCW 69.50.4013 is unconstitutional because it criminalizes innocent conduct and exceeds the legislature's power. *Blake*, 197 Wn.2d at 183. The Blake court declared, "RCW 69.50.4013(1)—the portion of the simple drug possession statute creating this crime—violates the due process clauses of the state and federal constitutions and is void." *Id*. at 195.

The State concedes that Stickley's offender score includes convictions for crimes that have now been rendered void. We note that striking these offenses from Stickley's offender score may also impact whether the sentences can be imposed consecutively. We accept the State's concession and remand for resentencing in light of *Blake*.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, J.

WE CONCUR:

_____        _____
Lawrence-Berrey, J.                                      Pennell, C.J.

2